IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-00584-PAB-NYW

SEAN SEELEY,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on Defendant Home Depot, U.S.A., Inc.'s Third Motion in Limine and Brief in Support [Docket No. 84]. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332.

This case arises out of injuries plaintiff allegedly sustained as a result of a forklift accident at a Home Depot store in Thornton, Colorado on February 3, 2015. *See* Docket No. 40 at 2-3. Plaintiff seeks damages from defendant under the Colorado Premises Liability Act, Colo. Rev. Stat. § 13-21-115. *See id.* at 2. A four-day jury trial is set to begin on October 15, 2018. Docket No. 41.

On October 9, 2018, defendant moved to exclude two exhibits – invoices from Neurology of the Rockies Parker and Touchstone Imaging Aurora – pursuant to Fed. R. Civ. P. 37(c). Docket No. 84; *see also* Docket No. 84-2; Docket No. 84-3. Defendant contends that the exhibits were improperly disclosed under Fed. R. Civ. P. 26 because they were not produced by plaintiff until October 5, 2018, long after the close of

discovery in this case. *See* Docket No. 84 at 2.[1]  Plaintiff filed a response to defendant's motion on October 11, 2018.  Docket No. 87.  Plaintiff argues that his failure to produce the documents was substantially justified because it was consistent with the parties' "course of production" in this case – namely, that defendant would obtain medical records directly from plaintiff's providers through the use of medical release forms.  *Id.* at 3-4, 7.  In the alternative, plaintiff contends that his failure to disclose the documents was harmless because defendant has not articulated any prejudice arising from the failure to disclose and the challenged billing records are "immaterial to [defendant's] defense of this case."  *Id.* at 7-8.

Federal Rule of Civil Procedure 26 requires a party to disclose evidence that may be presented at trial and to supplement those disclosures "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect."  Fed. R. Civ. P. 26(a)(3), (e)(1).  If a party fails to comply with its disclosure obligations under Fed. R. Civ. P. 26, "the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."  *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).  However, four factors guide the Court's analysis: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the

---

[1]Defendant does not predicate its motion on plaintiff's failure to disclose the challenged documents in the final pretrial order or plaintiff's exhibit list.

2

trial; and (4) the moving party's bad faith or willfulness." *Id.*

The Court finds that plaintiff's failure to disclose the challenged records was substantially justified based on the course of production between the parties. In his supplemental disclosures, which were served on defendant on November 6, 2017, plaintiff stated that he would "sign a release authorizing Defendant to obtain [the] medical records and bills" requested by defendant. Docket No. 87-1 at 1-2. There is no evidence that defendant objected to this method of disclosure. To the contrary, on November 21, 2017, counsel for defendant sent plaintiff medical release forms and requested that they be returned so that defendant could "obtain medical records." Docket No. 87-2 at 1. Plaintiff's counsel returned the signed release forms on December 1, 2017. *See* Docket No. 87-3 at 1. Both Neurology of the Rockies and Touchstone Imaging – the sources of the challenged exhibits – were included in those authorizations. *Id.* In subsequent communications, plaintiff's counsel reiterated his understanding that defendant would supplement its records by using the medical release forms rather than asking plaintiff to provide the records directly. *See* Docket No. 87-4 (email from plaintiff's counsel dated January 26, 2018: "[M]y expectation is that you will be seeking updates from the relevant providers directly rather than expecting me to send you the records directly. If you want me to send the records directly I can, but I am expecting you will use the releases to produce the records."); Docket No. 87-5 (email from plaintiff's counsel on September 19, 2018: "I believe you have active releases with which to supplement your records of all of the providers."). Defendant has not provided any evidence or argument that the parties diverged from this approach. Under these circumstances, the Court finds that plaintiff's failure to

trial; and (4) the moving party's bad faith or willfulness." *Id.*

The Court finds that plaintiff's failure to disclose the challenged records was substantially justified based on the course of production between the parties. In his supplemental disclosures, which were served on defendant on November 6, 2017, plaintiff stated that he would "sign a release authorizing Defendant to obtain [the] medical records and bills" requested by defendant. Docket No. 87-1 at 1-2. There is no evidence that defendant objected to this method of disclosure. To the contrary, on November 21, 2017, counsel for defendant sent plaintiff medical release forms and requested that they be returned so that defendant could "obtain medical records." Docket No. 87-2 at 1. Plaintiff's counsel returned the signed release forms on December 1, 2017. *See* Docket No. 87-3 at 1. Both Neurology of the Rockies and Touchstone Imaging – the sources of the challenged exhibits – were included in those authorizations. *Id.* In subsequent communications, plaintiff's counsel reiterated his understanding that defendant would supplement its records by using the medical release forms rather than asking plaintiff to provide the records directly. *See* Docket No. 87-4 (email from plaintiff's counsel dated January 26, 2018: "[M]y expectation is that you will be seeking updates from the relevant providers directly rather than expecting me to send you the records directly. If you want me to send the records directly I can, but I am expecting you will use the releases to produce the records."); Docket No. 87-5 (email from plaintiff's counsel on September 19, 2018: "I believe you have active releases with which to supplement your records of all of the providers."). Defendant has not provided any evidence or argument that the parties diverged from this approach. Under these circumstances, the Court finds that plaintiff's failure to

trial; and (4) the moving party's bad faith or willfulness." *Id.*

The Court finds that plaintiff's failure to disclose the challenged records was substantially justified based on the course of production between the parties. In his supplemental disclosures, which were served on defendant on November 6, 2017, plaintiff stated that he would "sign a release authorizing Defendant to obtain [the] medical records and bills" requested by defendant. Docket No. 87-1 at 1-2. There is no evidence that defendant objected to this method of disclosure. To the contrary, on November 21, 2017, counsel for defendant sent plaintiff medical release forms and requested that they be returned so that defendant could "obtain medical records." Docket No. 87-2 at 1. Plaintiff's counsel returned the signed release forms on December 1, 2017. *See* Docket No. 87-3 at 1. Both Neurology of the Rockies and Touchstone Imaging – the sources of the challenged exhibits – were included in those authorizations. *Id.* In subsequent communications, plaintiff's counsel reiterated his understanding that defendant would supplement its records by using the medical release forms rather than asking plaintiff to provide the records directly. *See* Docket No. 87-4 (email from plaintiff's counsel dated January 26, 2018: "[M]y expectation is that you will be seeking updates from the relevant providers directly rather than expecting me to send you the records directly. If you want me to send the records directly I can, but I am expecting you will use the releases to produce the records."); Docket No. 87-5 (email from plaintiff's counsel on September 19, 2018: "I believe you have active releases with which to supplement your records of all of the providers."). Defendant has not provided any evidence or argument that the parties diverged from this approach. Under these circumstances, the Court finds that plaintiff's failure to

timely disclose the challenged records was substantially justified based on his reasonable understanding that defendant would seek the medical records from plaintiff's providers. *See Strepka v. Jonsgaard*, No. 10-cv-00320-PAB-KMT, 2011 WL 2883375, at *5 (D. Colo. July 18, 2011) (finding, under similar circumstances, that "Plaintiff's failure to provide the documents during discovery was substantially justified by his understanding, after executing medical release forms for Defendants, that Defendants were going to seek Plaintiff's medical records"), *report and recommendation adopted*, 2011 WL 5569493 (D. Colo. Nov. 16, 2011).

In the alternative, the Court finds that plaintiff's untimely disclosure was harmless. As to the first *Woodworker's Supply* factor, defendant has not made any argument that it was prejudiced by the untimely disclosure. Nor does the Court perceive any prejudice based on the current record. The final pretrial order gives no indication that defendant intends to challenge the reasonableness of plaintiff's medical bills at trial. *See* Docket No. 40 at 2. To the extent that defendant wishes to do so, it is difficult to believe that plaintiff's failure to timely disclose two medical bills totaling $1,950 – a mere fraction of the total recovery sought in this case – would impede those efforts.

Given the Court's finding that defendant has not suffered prejudice as a result of plaintiff's untimely disclosure, there is no need for defendant to cure any prejudice and no risk of disruption to the upcoming trial. Accordingly, the second and third *Woodworker's Supply* factors weigh against exclusion. The fourth factor is neutral, as neither party has provided any evidence or argument as to bad faith.

Based on the foregoing, the Court finds that plaintiff's failure to disclose the two challenged billing records before October 5, 2018 was both substantially justified and harmless. Exclusion of the documents under Fed. R. Civ. P. 37(c) is therefore unwarranted. Wherefore, it is

**ORDERED** that Defendant Home Depot, U.S.A., Inc.'s Third Motion in Limine and Brief in Support [Docket No. 84] is **DENIED**.

DATED October 11, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge